IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | 1:11cv01875 AW DLB |
| | ) | |
| | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | REGARDING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR DEFAULT |
| | ) | JUDGMENT |
| vs. | ) | |
| | ) | (Document 12) |
| ANGEL ROBERT BENITEZ, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 13, 2012, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the present motion for default judgment against Defendants Angel Robert Benitez and Angela Gonzalez, individually and d/b/a Sanger Pool Hall. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court held a hearing on March 23, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas Riley appeared on behalf of Plaintiff. Defendants did not appear or otherwise contact the Court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on November 10, 2011, against Defendants Angel Robert Benitez and Angela Gonzalez, individually and d/b/a Sanger Pool Hall. The Complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for

1

conversion and violation of Business and Professions Code section 17200, et seq.  The allegations are based on Defendants' alleged unlawful interception, reception, and exhibition of "'Tactical Warfare': Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program" ("Program"), which was telecast on November 13, 2010.  According to the Complaint, Plaintiff was the exclusive nationwide commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain.  Plaintiff seeks $110,000 in statutory damages, along with attorneys' fees and costs.  The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations.  Plaintiff requests $60,000 in damages, as well as attorneys' fees and costs.  The Third Cause of Action for conversion alleges that Defendants "tortuously obtained possession" of the Program and wrongfully converted it for their own benefit.  Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress and financial loss.  The Fourth Cause of Action for violation of California Business and Professions Code section 17200, et seq., alleges that Defendants knowingly and unlawfully intercepted the Program for their financial benefit.

On February 1, 2012, Plaintiff filed proofs of service indicating that Angela Gonzalez was personally served on January 11, 2012, at the business address of Sanger Pool Hall.  Angel Robert Benitez was served on January 11, 2012, by substituted service on Angela Gonzalez.  The process server also mailed the documents to Angel Robert Benitez at his business address.  According to the declaration of diligence, the process server attempted service at Angel's business address three times prior to substitute service.

On February 2, 2012, pursuant to Plaintiff's request, the Clerk of the Court entered default against Defendants.

Plaintiff filed the instant motion for default judgment on February 13, 2012.  Defendants were served with the motion by mail at the business address.

2

1 Defendants have not filed an opposition or otherwise appeared in this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the proofs of service filed with the Court, Defendants were served by personal and/or substituted service with the summons and Complaint. The Clerk entered default as to both Defendants on February 2, 2012.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Servicemembers Civil Relief Act of 2003. Declaration of Thomas P. Riley ("Riley Dec.") ¶ 3.

Although the Complaint seeks relief pursuant to Section 605 and Section 553, Plaintiff requests recovery under Section 605. In cases involving a satellite, Section 605 is the proper statute for a damages award. See, e.g., DirectTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008) (Section 605 covers airborne communications, including satellite television signals). This statute allows for both statutory damages and "enhanced" damages. Section 605(e)(3)(C)(i)(II) permits the aggrieved party to recover "statutory damages for each violation ... in a sum of not less than $1,000 or more

than $10,000." Additionally, Section 605(e)(3)(C)(ii) provides that where a violation is "committed willfully and for purposes of ... commercial advantage or private gain," the court may increase the award of damages by an amount of no more than $100,000 for each violation. Plaintiff seeks both the maximum statutory damages award ($10,000) and the maximum enhanced damages award ($100,000) pursuant to Section 605.

Having accepted the well pleaded allegations of the Complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605. As for damages, the facts of this case distinguish it from Plaintiff's numerous other actions in this Court. The number of viewing patrons taken during three headcounts, 65, 63 and 67, is substantially higher than the numbers seen in other actions. The establishment is also relatively large, with a maximum capacity of 150 people. The Program was shown on two televisions- a 30" plasma/LED type television at the east end of the bar, and an older 19" portable television above the west end of the bar. Based on these facts, the violation likely had more than a minimal impact. Affidavit of Everett Rabbon.

Additionally, Defendants are repeat offenders. Plaintiff submits the Supplemental Declaration of Thomas Riley, in which he explains that an additional action was brought against Defendant Angel Benitez d/b/a Sanger Pool Hall in this Court on April 28, 2011.[1] That action, which concerned the showing of a Floyd Mayweather fight on May 1, 2010, was dismissed on January 31, 2012, pursuant to Plaintiff's notice of voluntary dismissal. At the hearing, Mr. Riley indicated that the action was not dismissed because of inability to prove the allegations, but was likely the result of a settlement.

Therefore, given the facts of this case, in addition to the recognition that deterrence is an important objective of the statute and that Defendants' actions were done wilfully for commercial advantage, the Court finds that an award of $10,000.00 in statutory damages and an additional $60,000.00 in enhanced damages is an appropriate remedy.

In addition to Section 605 damages, Plaintiff requests conversion damages totaling

---

[1] The action is case number 1:11cv00673 AWI SMS.

4

$4,200.00. Plaintiff indicates that this is the amount Defendants would have been required to pay had they ordered the Program from Plaintiff. Riley Dec. ¶ 7. According to Plaintiff, damages for conversion are based on the value of the property at the time of the conversion plus interest. Cal. Civ. Code § 3336 (detriment caused by wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion, with interest from that time). The Court recommends an award of $4,200.00 in damages for the conversion claim.

## RECOMMENDATION

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount $74,200.00 be fixed as follows:

1) Statutory damages in the sum of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

2) Enhanced damages in the sum of $60,000.00 pursuant to 47 U.S.C. § 605(c)(3)(C)(ii); and

3) Damages for conversion in the sum of $4,200.00.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:   March 23, 2012            /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE