# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANGEL ROBERT BENITEZ, et al., <br><br> Defendants. | Case No.  1:11-cv-1875-AWI-SAB <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND SETTING ASIDE DEFAULT JUDGMENT <br><br> (ECF Nos. 20, 27, 28, 29) |

The complaint in this action was filed on November 10, 2011.  After Defendants failed to respond, default was entered on February 2, 2012, and default judgment was entered on September 26, 2012.  Defendants filed a motion to set aside the default and default judgment on October 19, 2012.

On December 6, 2012, the magistrate judge assigned to this action issued a Findings and Recommendation ("F&R") that recommended setting aside the entry of default and default judgment against Defendant.  The F&R was served on all parties and contained notice that any objections were to be filed within thirty (30) days.  Defendant filed objections on January 10, 2013, and Plaintiff filed a reply on January 14, 2013.

Defendant contends that Plaintiff's objections were not timely and requests that it not be considered by the Court.  The docket entry for the findings and recommendations notes that objections were due by January 10, 2013.  Because Plaintiff's objections were filed on this date, the Court finds that the objections were timely.

Plaintiff objects that F&R incorrectly recommends setting aside the entry of default and default judgment.  After reviewing the arguments of the parties and the F&R, the Court agrees with the F&R.  Plaintiff's objections on this point are overruled.

Additionally, citing *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisana Hydrolec*, 854 F.2d 1538 (9th Cir. 1988), Plaintiff requests that the Court award attorney fees as a sanction and as a condition to setting aside the default judgment. The defaulting party in that case had three entries of default against him that were set aside, monetary sanctions had been imposed for failure to comply with discovery requests and court orders, and there had been numerous hearings on motions to comply with discovery. Id. at 1546-47. The district court imposed sanctions to facilitate discovery and protect the non-defaulting party from "a deliberate, willful, studied course of frustrating plaintiff's attempts at discovery, complicating proceedings, and ignoring court orders." Id. This case is distinguishable from *Nilsson*. The default in this case was based upon Defendants' failure to answer, and the Magistrate Judge has found good cause to set it aside. There is no conduct in this case which rises to level of that which occurred in *Nilsson*. Plaintiff's request for the impostion of sanctions, as a condition to setting aside default or otherwise, is denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendation dated December 6, 2012 is ADOPTED IN FULL (No. 27);
2. The entry of default and default judgment are SET ASIDE (Nos. 8, 9, 17, 18);
3. The Clerk of the Court is DIRECTED to reopen this action; and
4. Defendant shall file an answer or otherwise respond to the complaint within twenty (20) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   September 5, 2013

SENIOR DISTRICT JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28